# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SHELLY HORTON,<br><br>    Plaintiff,<br><br>    vs.<br><br>RICK MARTIN, in individual, CHRIS SMITH, an individual, and STATE OF NEVADA ex rel., its DIVISION OF EMERGENCY MANAGEMENT,<br><br>    Defendants. | 3:14-cv-00248-LRH-WGC<br><br>**ORDER**<br><br>re: Doc. # 23 |

Before the court is Plaintiff's Motion for Order Compelling Discovery. (Doc. # 23.)[1] Defendants have opposed. (Doc. # 29.) Defendants' opposition also submitted an affidavit of Jackie Muth, Deputy Director of the Department of Public Safety (DPS), accompanied by six exhibits. (Docs. ## 30-36.)[2] Plaintiff has replied. (Doc. # 39.)

## BACKGROUND

Plaintiff's action generally involves allegations of retaliation by Defendants against Plaintiff for exercising her right to free speech, leading to Plaintiff's constructive discharge. Plaintiff asserts a § 1983 claim in her First Claim for Relief, a negligent supervision claim in her Second Claim for Relief and

---

[1] Refers to court's docket number.

[2] In the future, Defendants should file their memorandum together with any affidavit/declaration and exhibits in one submission, not as eight separate documents. The exception would be if the document exceeds 2 MB, in which case the document should be divided into separate documents. Special Order 109 § III (f )(1) (2) & (4).

tortious discharge (violation of public policy) claim in her Third Claim for Relief. (Doc. # 1-2.)[3]

**NATURE OF DISCOVERY DISPUTE**

This discovery dispute arises out of Defendants' refusal to produce what Plaintiff characterizes as being an Investigation Report by the Office of Professional Responsibility (OPR). Plaintiff asserts that the OPR report "will prove telling" with respect to issues related to Plaintiff's allegations. (Doc. # 23 at 2.) Defendants acknowledge – but without admitting – that "Horton argues that the Executive Review, identified . . . in a privilege log in a supplemental initial disclosure, is relevant to her claims because it originated as a result of her complaints." (Doc. # 29 at 3.)

Plaintiff identifies two documents that are apparently responsive to her request for production which are the subject of this discovery dispute: INV 00021-0047, described as being "OPR Executive Review of Division of Emergency Management 2011," and INV 0048-0290," described as being "OPR Investigation 'report DEM Executive Review." (Doc. # 23-3 at 4.) As to each document, Defendants asserted the "executive/deliberative privilege," also making reference to Nev. Rev. Stat. § 49.285 and Nev. Admin. Code § 284.726(6). (Doc. # 32 at 2, 5.)

Plaintiff argues whether the documents are privileged is a matter of federal law, but that even if privileged, Defendants waived the privilege by not timely asserting the privilege. (Doc. # 23 at 2-3.) Plaintiff also contends a carefully crafted protective order would alleviate any concerns about possible improper disclosure of the document even if privileged. (*Id.* at 4.)

It appears that when Defendants were asked (when the case was in state court) to "produce a copy of the OPR Investigation Report," Defendants responded on October 22, 2012, that there was no "OPR investigation related to the facts of this lawsuit." (Doc. # 31 at 2.) Although the subsequent discovery status of an OPR request is murky, it appears that in a "somewhat related civil action," an Executive Review and OPR Report was identified but not produced as privileged. (Doc # 29 at 4.) Then, in

---

[3] The viability of the second claim for relief has been disputed by the defendants. (Doc. # 29 at 2, n. 1.) Defendants claim this cause of action was dismissed when this case was pending before the state court. (Doc. # 2-4 at 7-8.) This cause of action, or a variation of it, was reasserted in Plaintiff's "Supplemental Complaint." (Doc. # 1-2.) Permission to file the Supplemental Complaint was granted by the District Judge when the action was still pending before the First Judicial District Court, in and for Carson City. (Doc. # 1-4.) However, whether the second claim for relief is or is not viable need not be resolved by the court at this time in addressing the pending discovery dispute. The inclusion of this claim for relief also has no bearing on the outcome of the motion to compel.

February of this year, Defendants made what appears to be a supplemental document production wherein reference was made to the Executive Review and an OPR report; the assertion of privilege was lodged apparently simultaneously.[4] Regardless, Defendants contend that no "OPR" review was undertaken: "There was no OPR Investigation. There was an Executive Review of DEM [Department of Emergency Management] procedures and processes. It is not the same thing." (Doc # 29 at 10.)[5]

## ANALYSIS

The initial issue presented to the court is what law applies. In a federal question case, such as this one brought pursuant to 42 U.S.C. § 1983, privilege is determined by federal common law. Fed. R. Evid. 501; *United States v. Zolin*, 491 U.S. 554, 562 (1989); *Kerr v. U.S. Dist. Ct for the Northern District of Ca.*, 511 F.2d 192 (9th Cir. 1975); *Breed v. United States Dist. Court for Northern Dist.*, 542 F.2d 1114, 1115 (9th Cir. 1976). This does not mean that courts can ignore state privilege doctrine. *Kelly*, 114 F.R.D. at 656: "federal courts generally should give some weight to privacy rights that are protected by state constitutions and state statutes." As discussed below, however, the court cannot address the privileged nature, if any, of the disputed documents at this time. See below at pp. 4-5.

The next issue is whether the privilege assertions were timely or waived. While there may be some question whether the Executive Review should have been referenced in Defendants' initial discovery responses, the court opines the privilege was timely asserted.

The Ninth Circuit has "reject[ed] a *per se* waiver rule that deems a privilege waived if a privilege log is not produced within Rule 34's 30-day time limit." *Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Ct. for the Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005). Instead, the Ninth Circuit has instructed courts to look the following factors in determining whether a waiver has occurred: (1) "the

---

[4] The court assumes the "somewhat related civil action" was the case for which an amended complaint was presented by Defendant as Exhibit 6 (Kuhn, Siracusa v. State of Nevada, et al., Case no: 12 TRT00791B, First Judicial District Court, County of Carson; Doc. # 36 herein). The Defendants' discussion of the relevance of the Kuhn-Siracusa action to this case is confusing and not well explained by Defendants. (Doc. # 29 at 5.)

[5] The problem confronting the court is what discovery exactly does Plaintiff wish to compel. Plaintiff's motion attaches a copy of Defendants' "First Supplemental Initial Disclosures," dated July 23, 2014. (Doc. # 23-3.) On the other hand, Defendants submit discovery responses, including a privilege log, dated February 4, 2014. (Doc. # 32.) Regardless of which discovery response is at issue, it nevertheless appears that Plaintiff seeks production of the "Executive Review" (DDPWK 0021-47) and "OPR-Investigation" (DDPWK 0048-290).

1  degree to which the objection or assertion of privilege enables the litigant seeking discovery and the
2  court to evaluate whether each of the withheld documents is privileged;" (2) "the timeliness of the
3  objection and accompanying information about the withheld documents;" (3) "the magnitude of the
4  document production;" and (4) "other particular circumstances of the litigation that make responding
5  to discovery unusually easy...or unusually hard." *Id*. In evaluating these factors, the court is directed to
6  apply them "in the context of a *holistic reasonableness analysis*" and not in a "mechanistic
7  determination of whether the information is provided in a particular format." *Id*. (emphasis added).

8  In weighing the *Burlington* factors, the court concludes that the balance weighs against finding
9  a waiver occurred under these circumstances. When the Defendants answered Plaintiff's discovery, the
10 response was there was no "OPR" report. (Doc. # 31 at 1.) Thus, there was no necessity at that time to
11 do a privilege log as to a document which Defendants claim did not exist. When the two reports were
12 identified in another case, and although not characterizing them as an OPR report, Defendants, in a
13 supplemental response to Plaintiff's discovery, identified the disputed documents but simultaneously
14 asserted privilege as to these documents. (Doc. # 32.) Therefore, under the "holistic approach," the court
15 does not find a waiver.

16 This brings the court to evaluate whether the documents should be subject to the privilege
17 Defendants describe as "the decision-making processes of government agencies." (Doc. # 28 at 5, citing
18 *N.L.R.B. v Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975). The court at this time will not address the
19 legal standards attendant to this privilege (including whether and to what extent deference, if any, should
20 be accorded Nevada State statutes and codes). The court cannot do so until it has a better appreciation
21 of the purpose, subject and content of the Executive Review and OPR materials. Although Plaintiff also
22 argues that Defendants' production of Exhibit 3 (which appears to be an investigation into alleged
23 misconduct of Frank Siracusa in DEM matters) constituted a waiver of any privilege pertaining to the
24 Executive Review, the court at this time cannot make a determination of either the relevance of the
25 Executive Review or any waiver.

26 The court finds it necessary to evaluate the content of the Executive Review to be able to resolve
27 the document's relevancy and discoverability. Therefore, **within five (5) days** of the date of this order,
28 Defendants are directed to deliver to Chambers for an *in camera* inspection the documents bearing Bates

stamps DDPWK 00021-47 (Executive Review) and DDPWK 000048-290 (OPR-Investigation). The court will thereafter issue orders resolving the motion to compel

IT IS SO ORDERED.

DATED:  October 23, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE