UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| SHELLEY HORTON, | ) | 3:14-cv-00248-MMD-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | October 28, 2014 |
| | ) | |
| GLADE MYLER, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

PRESENT: <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   Katie Lynn Ogden     REPORTER:            FTR

COUNSEL FOR PLAINTIFF:   Julie Cavanaugh-Bill (Telephonically)

COUNSEL FOR DEFENDANTS:   Lori Story (Telephonically)

**MINUTES OF PROCEEDINGS: Status Conference**

11:04 a.m.  Court convenes.

The court convenes to address Plaintiff's Motion for Order Compelling Discovery (Doc. # 23).

Subject of Plaintiff's discovery dispute are two document requests regarding the production of the "OPR Executive Review of Division of Emergency Management 2011" and "OPR Investigation 'report DEM Executive Review." Defendants assert the documents are privileged and should be protected from disclosure.

To better evaluate the content of the documents, and discern the relevancy and discoverability of the documents, the court ordered (Doc. # 48) Defendants to submit the requested documents to the court for an *in camera* inspection.

After undertaking an *in camera* review of the documents identified as Bates stamped DDPWK 00021-47 (Executive Review) and DDPWK 000048-290 (OPR-Investigation), the court finds the documents are privileged as a result of the deliberative process privilege, which comes under the umbrella of executive privilege. The court indicates under this privilege, the government can withhold documents from production that "reflect[s] advisory opinions, recommendations and deliberations comprising part of a process by which government decisions and policies are

MINUTES OF PROCEEDINGS
3:14-cv-00248-MMD-WGC
Date: October 28, 2014

formulated." *FTC v. Warner Commn's* 742 F. 2d 1156, 1161 (9th Cir. 1984).  The court notes, however, the privilege is a qualified privilege and can be overcome if the litigant shows that the need for materials and accurate fact-finding overrides the government's interest in non-disclosure[1].  The court then addresses the eight factors it must consider when deciding whether the qualified deliberative process privilege should be overcome.

Overall, the factors weigh against disclosure of the Executive Review and OPM Report and Plaintiff's Motion to Compel (Doc. # 23) is **DENIED**.

Although Defendants' Motion for Protective Order (Doc. # 49) was only recently filed and Plaintiff has not had the opportunity to respond, the court proceeds to addresses the motion and discusses the parameters of upcoming depositions.  Based on the court denying Plaintiff's motion to compel, the court states questions relative to the content of the Executive Review and OPR Report shall be precluded.  However, the court suggests questions legitimate to ask witnesses may include: was a complaint made, was an investigation undertaken, what was the time frame of the investigation, what impact did the investigation have on Ms. Horton.

Therefore, Defendants' Motion for Protective Order (Doc. # 49) is **GRANTED** within the parameters addressed above.  Plaintiff is not required to file a response to the motion for protective order.

**IT IS SO ORDERED.**

11:33 a.m.  Court adjourns.

LANCE S. WILSON, CLERK

By:        /s/      
Katie Lynn Ogden, Deputy Clerk

---

[1] See *North Pacifica, LLC v. City of Pacifica*, 274 F.Supp.2d 1118, 1122 (N.D. Cal. 2003.)